Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **MCG THERAPY GROUP, LLC**<br><br>Parte peticionaria<br><br>v.<br><br>**ARLENE J. MAESTRE RIVERA Y OTROS**<br><br>Parte Recurrida | **KLCE202500467** | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Arecibo**<br><br>Caso Núm.:<br>**AR2023CV00580**<br><br>Sobre:<br>**DAÑOS Y OTROS** |

Panel integrado por su presidenta la Jueza Grana Martínez, el Juez Campos Pérez y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece ante nos MCG Therapy Group LLC, en adelante, MCG o peticionaria, solicitando que revisemos la *"Resolución"* emitida el 12 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo, en adelante, TPI-Arecibo. Mediante su dictamen, el Foro Primario *prohibió a la parte peticionaria el uso de una deposición tomada al perito de la parte demandada, Dr. Juan Villeta Trigo, e impuso una sanción de $500.00 al Lcdo. Jaime L. Sanabria Montañéz, Lcda. Kayra A. Dávila Torres y Lcda. Catalina I. Sierra López a cada uno.*

Por los fundamentos que expondremos a continuación, ***denegamos.***

### I.

Si bien el recurso de autos versa sobre la supresión de una deposición a un perito, ocurrido durante el mes de marzo de 2025, resulta necesario que hagamos el siguiente recuento breve procesal, a manera de ilustrar las razones por las que nos encontramos adjudicando *ahora* este asunto.

Este caso tiene su génesis el 3 de abril de 2023, cuando MCG presentó una *"Demanda"* contra Arlene Maestre Rivera, en adelante, Maestre Rivera o recurrida, quien ofrece sus servicios como terapeuta a estudiantes de educación especial, a través de AM Therapeutic Service for Children, Inc., en adelante, AM Therapeutic Service.[1] La demanda versó sobre incumplimiento de contrato, daños y perjuicios e interferencia torticera. El 12 de julio de 2023, se enmendó la demanda original para incluir a AM Therapeutic Service.[2]

Luego de algunos incidentes procesales, el 10 de agosto de 2023 el TPI dictó una *"Sentencia Parcial"*, en la que declaró *"Con Lugar"* una moción de desestimación presentada por Maestre Rivera, a los efectos de desestimar una de las causas de acción en su contra.[3] Inconforme con ello, el 27 de octubre de 2023, MCG presentó un recurso apelativo ante nos. Mediante *"Sentencia"* del 8 de agosto de 2024 confirmamos el dictamen apelado.[4] No obstante, el 9 de septiembre de 2024, MCG recurrió mediante recurso de *Certiorari* al Tribunal Supremo de Puerto Rico, el cual fue denegado. Sin embargo, MCG solicitó al Alto Foro que reconsiderara.

Por su parte, el proceso litigioso de este caso, que ha sido en extremo contencioso, continuó su curso. Luego de sancionar y reprender en múltiples ocasiones a los representantes legales de las partes, el TPI-Arecibo citó a una vista el 11 de marzo de 2025, para dilucidar una situación acaecida durante la deposición del perito Dr. Juan Villeta Trigo. El 12 de marzo de 2025, el Foro Recurrido emitió una *"Resolución"* sancionando a los abogados de MCG, por entender que estos ocultaron evidencia de manera intencional. Esto pues, durante la deposición los abogados del

---

[1] SUMAC, Entrada Núm. 1.
[2] SUMAC, Entrada Núm. 11.
[3] SUMAC, Entrada Núm. 30.
[4] KLAN202300959.

demandante utilizaron un informe pericial de su perito, que no fue entregado previamente a la parte demandada y que contenía diferencias al que había sido entregado como informe final. También, expuso que *no permitiría el uso de la deposición del perito en cuestión en el caso de autos.*[5]

El 27 de marzo de 2025, MCG presentó una solicitud de reconsideración.[6] Por su parte, el TPI-Arecibo emitió otra *"Resolución"* el 1 de abril de 2025 declarando *"No Ha Lugar"* la reconsideración solicitada.

Inconforme aun, el 30 de abril de 2025, la peticionaria presentó el recurso de autos ante esta Curia, haciendo los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró el Honorable Tribunal y abusó de su discreción al imponerles severas sanciones a MCG y dos de sus abogadas en base a la argumentación de los abogados de la parte contraria sin que exista prueba en el expediente que las justifique. Ello, luego de haber denegado la solicitud de MCG para que se celebre una vista evidenciaria con el propósito de dirimir la prueba documental y testifical que el foro primario se negó a examinar, incluso como anejos de la solicitud de reconsideración, antes de imponer la referida medida extrema.
>
> **SEGUNDO ERROR:** Erró el Honorable Tribunal y abusó de su discreción al imponerles severas sanciones a MCG y dos de sus abogadas tras concluir en forma arbitraria y caprichosa que tenían el deber de haberle notificado a la otra parte un borrador preliminar del informe de su perito a pesar de que de los documentos con requerimientos que envió la Recurrida durante el descubrimiento de prueba surge que ésta no le solicitó a MCG que produjera dicho borrador, razón por la cual no se activó el deber continuo de informar.
>
> **TERCER ERROR:** Erró el Honorable Tribunal y abusó de su discreción al imponerle a MCG la severa sanción de suprimir la deposición del perito de la otra parte por haber cometido un error de buena fe aun cuando a esa equivocación involuntaria no se le puede aplicar el concepto

---

[5] SUMAC, Entrada Núm. 327.
[6] SUMAC, Entrada Núm. 337.

de disciplina progresiva porque en este caso existen medios menos onerosos para subsanarla.

El 6 de mayo de 2025 emitimos una *"Resolución"* en la que concedimos a la parte recurrida hasta el 12 de mayo de 2025 para oponerse al recurso. Llegado el mencionado día, se presentó la oposición solicitada ante nuestra consideración.

Advertimos brevemente que, paralelo a este asunto, siendo el 12 de mayo de 2025, nuestro Tribunal Supremo acogió en reconsideración el recurso de *certiorari* previamente discutido.[7]

En consideración al auto de *certiorari* relacionado a este caso, ante el Tribunal Supremo de Puerto Rico desde el año 2024, este Panel consideró prudente esperar que nuestra Máxima Curia se expresara, antes de atender el asunto de marras.

Así, posteriormente, siendo el 28 de mayo de 2026, el tribunal de mayor jerarquía expidió el recurso.[8] Luego de evaluar el expediente y los alegatos de las partes, nuestro Alto Foro resolvió revocar nuestro dictamen del 8 de agosto de 2024, y devolver el caso al TPI-Arecibo para la continuación de los procedimientos.

Evaluada la *Opinión* y *Sentencia* dictada por nuestro Tribunal Supremo, constatamos que no existe impedimento jurídico para entender sobre el asunto ante nuestra consideración.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón,* 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v.*

---

[7] CC-2024-0553.
[8] *MCG Therapy Group, LLC v. Arlene J. Maestre Rivera; AM Therapeutic Service for Children, Inc.,* 2026 TSPR 56, 218 DPR ___ (2026).

*Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020).

Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones *sobre la admisibilidad de testigos de hechos o peritos esenciales*, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]
>
> (Énfasis suplido).

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones ***sobre la admisibilidad de testigos de hechos o peritos esenciales***, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras

contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 209; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, supra, pág. 63; *Allio v. Santiago Chardón*, supra; *BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023).

(Énfasis suplido).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio et al.*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis suplido).

**III.**

MCG recurre ante nos, aduciendo que el TPI-Arecibo se equivocó al sancionarlo *suprimiendo la deposición del perito de la*

*parte demandada,* el Dr. Juan Villeta Trigo. Es su contención que esta actuación constituyó un abuso de discreción. También, sostiene que existían medios menos onerosos para sancionar a MCG por una omisión que, según el planteamiento de error número dos (2), fue una falta que no se cometió. Sin embargo, en virtud del planteamiento de error número tres (3), la aludida omisión fue un fallo involuntario y de buena fe.

Conforme a las exigencias que permean nuestro ordenamiento jurídico al momento de atender un recurso de esta naturaleza, hemos evaluado detenidamente el mismo, el expediente que obra en autos y el tracto procesal en el Foro Primario.

Justipreciamos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al sancionar a la peticionaria y suprimir la deposición del perito, Dr. Juan Villeta Trigo. Colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Foro Primario.

Finalmente, es menester acentuar que este Foro no debe de entender en asuntos sobre descubrimiento de prueba, a menos que se demuestre un fracaso a la justicia, cónsono con la Regla 52.1 de Procedimiento Civil, *supra.* Al examinar el pronunciamiento del cual se recurre, se desprende que el mismo no está contenido en las instancias contempladas por la citada Regla 40 de nuestro Reglamento, *supra,* para que este Foro pueda entender sobre ello. Nuestras facultades para atender asuntos sobre el manejo de casos están expresamente delimitadas por el ordenamiento procesal antes citado. Además, la parte peticionaria no demostró que, de no actuar respecto a su solicitud, habría de producirse un fracaso a la justicia. *800 Ponce de León v. AIG,* supra, pág. 176. Ello, nos hace concluir que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna.

## IV.

Por los fundamentos que anteceden, *se deniega la expedición del recurso de certiorari solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones